On behalf of the athlete, Mr. Christopher Krueger, and on behalf of the athlete, Ms. Melissa McKenzie. Now that we have everyone hopefully properly identified, Mr. Krueger, if you'd like to proceed. May I please report opposing counsel? Your honors, I have read the instructions from the court, assuring me that the panel has studied the briefs. I will therefore try to be succinct and hopefully spare time. This appeal concerns two orders. The first portion is an order denying sanctions against the athlete. The appellant sought sanctions against the athlete because of statements made in the athlete's response to the appellant's motion to vacate or dismiss for want of prosecution. Let's start with that motion and then what happened in terms of the email or the letter afterwards. A different motion or different modification was filed that had a footnote acknowledging that the previous motion did not properly have the chronology. Fully detail the sequence of events. What would you have them say? I would have them say that it was an incorrect statement that our motion was brought after their motion for an order approving sale. What's the difference between the two? The difference is that to leave something out is different than to categorically state something in an opposite sequence. I don't think there's anything more objective than whether August comes before October. Well, that's chronology. I mean, didn't that footnote really cover it? Just use different words. I understand that it could be perceived as nitpicking, but it is not fully detailing. To leave out a detail is to say I have a Ford and I left out the fact that it has two doors. If I say I have a Ford and I have a Chevy, I've made a statement that's 180 degrees untrue. But anybody reading that footnote would know what it meant. There are three false statements and one misleading statement in the initial response. That our motion was filed in response to the motion for order approving sale. And that's stated in three different contexts. And the second one is a point heading saying to the effect of the dismissal for warrant of prosecution should be denied because plaintiff is progressing this action. In fact, the plaintiff had not progressed the action, Your Honor. The plaintiff had sat on the file for 19 months. So that was a misleading point. Now, as to my. It seems that perhaps the court thinks I'm nitpicking in that footnote. They also attached the court's docket. And they said, oh, the docket doesn't reflect the sequence and the docket did reflect the sequence. So in the amended response, they had three months. They had an extension of time. They had three months to review the file. They had three months to read the briefing schedule. They had three months to read the briefs and could have attached the briefs that they were talking about to their motion. And they still somehow couldn't ascertain that our motion was filed in August and theirs was filed in October. And then they said in the amended response, oh, well, the docket doesn't show it. So that's how well the docket did show it. The docket clearly said that we filed our motion on August 30th. Well, read that as it may. Then if they are sitting on it for three months, why didn't you call the motion for hearing? I did. I had a briefing schedule entered on the motion, and they called me up, and I, of course, acceded to any requests they wanted for more time. Well, I wouldn't say of course based upon this record. It doesn't sound like there was always a congenial working relationship between the parties, between counsel. They came in on the case in addition to foreclosure counsel, and they were added, and they asked for time, and he said certainly. And then after two months, they filed a brief that says we filed a motion for order approving sale, and you responded by filing a motion to vacate. 180 degrees wrong and not a true statement. But they corrected it in not we were wrong, but we were not chronologically accurate. Okay. It's not chronologically accurate. They did not progress the case. So there are no less than two categorically untrue statements. Now, who did the failure to progress come from, previous counsel or new counsel? The failure to progress is litigation counsel. I will refer to the appellee as litigation counsel, said the motion for dismissal of my prosecution should be denied because we are proceeding with the case. And that, of course, was not true. They only proceeded with the case when spurred by the motion to vacate or dismiss from our prosecution. Again, are we talking about the new parties, the new counsel that came in, or are you talking about the first who filed the action? I'm talking about a point heading drafted by the new counsel. Okay. And so once they got in the case, didn't things start to happen? Once they got in the case, things started to happen. And so when they say we are progressing this case, what's wrong with that? Because as of the filing of the motion, they did not progress the case. They only progressed the case after leaving it for 19 months upon a motion to vacate. And I would submit that I rely on Weber v. Wright that these are irreconcilable. These statements are irreconcilable. I would rely on Mars Steelport as favorably cited by this district in People v. Stefanski that there's an objective prong of Rule 137 and a subjective prong. And under the objective prong, regardless of whether an attorney honestly believed, if he failed to make an inquiry, a reasonable pre-filing inquiry, is nonetheless sanctionable. And that was embraced by this district and held that there's a subjective part of the rule. If it's interposed for an improper purpose, I'm not even speculating as to whether it was interposed for an improper purpose. I'm saying that after three months, you should know that something filed in August was filed prior to something filed in October. Okay, now you wanted an unequivocal retraction. What would an unequivocal retraction have done to your motion to set aside? What would it have done? It would have made clear that the plaintiff had not, had sat on this file and had sat on the file for 19 months. And that was the underpinnings of a dismissal on a prosecution and the motion to vacate. And it also, given that once a 1508 is filed, it changes the whole landscape of the argument. Because under a 1508, under Eleanor Mortgage Foreclosure Law, once an order approving sale, as we've recently experienced in the McCluskey case, then the grounds for vacature are very different. So it totally, it is of consequence. But saying we made a mistake and didn't get the sequence of events right is going to make your case? It makes the case for sanctions for the first order. Because it was an untrue statement made without a reasonable... You wanted something to happen to this foreclosure. Sanctions should not have been on the top of your list. You said an unequivocal retraction would have helped your case. You think that would have won your case in this case? I think the misstatement clouded, created a factual cloud over the events. And given that a foreclosure trial court has adopted a 4,000 cases, it's somehow, it's sometimes very hard to reach clarity. And when you have a misstatement about something as fundamental as a sequence of events, then, yeah, it casts a cloud and makes it, and burdens the other litigant. The other litigant should not be burdened by having to dispel untrue, inaccurate statements. And the standard is objective. The standard doesn't care whether the attorney honestly believed. The standard implies a duty on the attorney to inquire. And the attorney said two months to inquire, and they simply didn't read the filing, Your Honor. They simply didn't inquire, read the file, read the pleading itself, read the briefing schedule. And the trial judge in this case just was too overwhelmed and couldn't have figured it out. The trial judge, again, has a docket of thousands of cases, so I would be speculating. You seem to have a pretty good memory of this one, though. I would be speculating to know what the trial court would, where the trial court would arrive. But I can tell you that the trial court denied sanctions because he said the conduct was unintentional. And that's the wrong standard, Your Honor. It doesn't have to be intentional. But what is our standard of review? It doesn't have to be intentional. But if he finds that it wasn't, how can we say you're wrong generally? Do you have a case that says, other than the one you cited, that we must, or a trial judge must, even if it's unintentional, enter sanctions? Yes, I have 17 cases that say that. They say must, so they did it, but did the cases say they must do it? In other words, counsel, does the violation always trigger sanctions, yes or no? I don't know that it always triggers sanctions, but I can't think of anything. Counsel, then, isn't the question whether or not the trial court abused its discretion in determining that, even though there's a violation here, it is not sanctionable? I should note that the appellate body also has a discretion to go into, especially on No. 137. Counsel, the point is, what did the trial judge do? Did he or she abuse their discretion when they found this is a violation, but I'm not going to impose a sanction? I believe so. Discretion is subjective. I can't think of a more fundamental misstatement than to say that one pleading is filed before another. But you don't need bad faith to award sanctions. The court didn't define bad faith, so then, again, with our standard of review, it would be pretty hard to overturn what the trial judge did on this particular point. I don't think, again, I can't see anything more fundamental to say, well, we filed our OAS, and then they filed a motion to vacate. That is just the most fundamental mischaracterization. It calls into question our diligence when, in fact, they're not diligent. They've sat on the file for 19 months. And yet they're going to say we filed our motion in response to their OAS, like we're irrational. It would be irrational for me to file a motion to vacate after their OAS because it wouldn't be heard under a 1301, Your Honor. It would be heard under a 1508 fee. So it would be totally, it calls into question our diligence, our competence. So it would be ludicrous for me to file a motion to vacate a DWP after they filed an order of criminal sale. So what's more fundamentally undermining? What's more fundamentally undermining to the integrity of the proceeding? But we have to look at what that happened. The judge said the point is to get it corrected, not to have it done exactly the way, and I'm assuming at this point the trial judge is talking to you or whoever stood in your stead, the way you want it. Otherwise, you're going to file a motion. So he might keep that step. No, I was there in my stead. Just to be clear, I was there. I thought you were. Yes, ma'am. But sometimes there are different older and younger Kruegers or whatever the case may be. I was there, Your Honor. And this seems to be where we are right now. The trial judge recognized you wanted it one way. They did it another way. He felt it was corrected. Let's move on. Why wasn't that sufficient? And then move on to your motion. How many mistruths is counsel allowed? The docket doesn't reflect in the amended response. We had two months to file a response. We couldn't read the file. We had another month to file an amended response. We couldn't read the docket. The docket doesn't reflect it. That's false. That's a falsehood, Your Honor. The docket did reflect it. All right. And the judge can look at that and saw that. And here's what the judge did. He said, I don't think it was intentional, so I'm going to let it go. Can I speculate? Can I say, well, we have the home team and we have the visitors and we have people who practice daily. These are courts driven by defaults. I think that's probably not a good speculation right now. Okay. Then I won't. I shan't go there. Thank you. But saying that it's not intentional, the tone of the trial court was really that of like a 201K kind of atmosphere saying, you know, boys, let's be boys. Let's not quibble. But it's not quibbling, Your Honor. It's fundamental. To see the sequence of a filing, when the one filing changes the standard of review. Counsel, you need to briefly, since your time has come up, you need to briefly touch your second two issues if you want to. And I'll give you that so that you don't have to start over. I appreciate your indulgence. There is no sensible, plausible interpretation of this dismissal except as a ruse to evade discovery. There was. When does discovery start usually? Don't we have to have something in contention like we disagree with what the plaintiff has said and then we go to discovery? Isn't that the customary way to do discovery? It is. And there's also a customary way that says normally written discovery proceeds before oral, although the rule says you can proceed in any manner you want. So, yeah, they said we're not going to schedule this deposition until you plead. And I was a sucker. And I pled. And then they voluntarily dismissed the case. The allegations concerning the affidavit, which were founded on other state court cases in other jurisdictions with the same affidavit, were announced as early as August in the original motion. They were expounded on in the memorandum in support of the motion. The deposition, they refused to schedule the deposition. We filed a motion to compel, and on the same day to move this oh, you didn't plead argument, we filed a 2-6-15 motion. It's a robo-signing case. Clearly, it's a robo-signing case. That's your allegation, but we don't know that because we didn't get there. Well, we know that we certainly know that the motion vacated referenced the activities of the signer of the affiant, and we know that the memorandum did. So it's not a mystery. It's not in the cloud somewhere. Those are your allegations. Those are the allegations. And you cannot voluntarily dismiss a case to evade discovery. And that's 2-19-E. Well, when you dismiss the case, you not only, as you say, evade discovery, there is nothing at issue. So how is that an evasion? Now nothing is at issue. Under the Yavitz case that follows the United States Supreme Court in Cooter v. Hartmarks, a fraud upon a court is always relevant. It never ceases to be. So it is a case. If it was filed with this court and it was false or it violated Jurod standards, it's always relevant. So this idea that it's somehow mooted and it's gone, that's not true. A fraud upon a court remains relevant and will always be relevant. So a voluntary dismissal, and a voluntary dismissal is contemplated in both 2-19-C and E. And so given that there was a pending motion to compel, the trial court should have viewed that motion as a motion pending here under 2-19-C. And the trial court did not. The trial court, I'm sorry, I'm going to try and get this. The trial court very meticulously applied 2-1009-B and said, okay, is this motion a final dispositive motion? No. Therefore, I can't go there. Therefore, my motion to amend is denied. But the trial court did not apply 2-19-C, which talks about a motion pending here under when a voluntary dismissal is entered. I have the right to object to it. I have the right to object to it, even in the 1203. Did you object to it at the time? I did not object at the time. I objected by a motion to amend. And there is a case from this district. Regal says we can raise new things. There's a case from this district that says you can object to a voluntary dismissal even if you fail to object at the entry. I can't see if that's Weber v. Wright. Counsel, I'd like to turn for a minute to 15-15-10. Yes, ma'am. If your interpretation is adopted of that section, wouldn't it mean that whenever a defendant prevails in any motion in a foreclosure action, no matter how inconsequential it is to the outcome of the litigation, that piece would be awarded? Isn't that really what you're saying? As opposed to an interpretation that would allow an award when a party is successful in the litigation, in the foreclosure action, whether it be by affirmative defense or motion, some sort of dispositive motion, let's say? It need not be dispositive. But the word may means that the court can disregard, trivial, what they're calling a fleeting victory. But clearly, if it was dispositive, we wouldn't need that other language. We would just say prevail in a foreclosure action or finally prevail. We don't need to finally prevail. We don't need to prevail in a foreclosure action. Well, how would you distinguish, then, the type of motion, if it doesn't, that these would be appropriate? Well, in the legislative debate, they said, well, with an extension of time. If you want an extension of time, well, of course. That would be silly. If you want a routine motion to vacate, you know, 29 days after the judgment motion to vacate, that would be trivial. But vacating a 4-year-old foreclosure is not trivial. Reopening a case that's where judgment was entered 19 months is not trivial. That is prevailing on a motion. A defendant is a party. It says defendants prevail. A defendant prevails in a motion. And what was the basis of the motion to vacate? Judge Hoffman, when he vacated it, addressed Applebee's counsel and said, you know, there's these allegations. So, see, there were allegations, whether they're reduced to a plea. You haven't responded to these allegations. And Applebee's counsel responded, well, we didn't do the affidavit. That wasn't our firm. You know, a hot potato. We didn't have anything to do with that. He says, so you can't tell me whether there was a litigation hold on this case. No, I cannot. And then the trial court vacated. And the trial vacated it because where there's a certain amount of smoke, Your Honor, there might be fire. And the clerk says, well, since you haven't even addressed, Applebee didn't even address the allegations, we're going to vacate this. And that's not an insignificant victory for a homeowner. And so we're not arguing, never arguing, that every motion won by a defendant should receive fees. But a motion that is more than trivial or insignificant, clearly, it's the intent to provide legal resources. To effectuate the purpose of the law is to provide legal resources for defendants. Well, then let's look. Courts vacate defaults every day. And they do it on a rather regular basis. So do you want some sort of a black letter that says only this default is relevant? Or do we say vacating all defaults because obviously something was wrong? The default was vacated because it was a cloud upon the judgment that it was procured by a fraud upon the court. That is why the judgment was vacated. That is not trivial. That is not pedestrian. That is significant. And to allow defendants to probe, and whereas defendant was denied the opportunity to probe because of the voluntary dismissal to evade discovery. So we would never suggest that every motion should get fees. But, on the other hand, the purpose of the law, to effectuate the purpose of the law, is to provide legal resources for homeowners. If a homeowner had to finally prevail, judge, I found two cases where a homeowner prevailed and both of them had to do with a court of satisfaction. There's no such thing as a dismissal with prejudice of a foreclosure unless there's a payoff of the loan. So that would render the statute absurd. So if we're going to render it an absurdity, we'll say, well, the homeowner has to finally prevail. It's not the case. The case is to provide resources, we need to have attorney's fees. And to do that, we pay when people prevail in motions. And I don't know how a bright line will work itself out, but I know that these allegations were made. They were made pursuant to cases in other jurisdictions. They were made pursuant to practices like using rubber stamps and electronic fencing, these assigned pleadings. They call into question the integrity of the judicial system. That is why the trial court vacated it. And this ruse whereby we plead this 2615 because they insisted I plead the 2615 and that was silly on my part. It should not obviate, it should not move the substance. And the substance is that this plaintiff has managed to evade the examination that the law requires. You have a duty above all to your client. The only greater duty you have is to the court and to the rule of law. And this does a disservice to the rule of law, allowing this case to be dismissed without discovery. Thank you, counsel. Thank you so much. You'll have an opportunity for rebuttal. Thank you very much. Ms. McGee? May it please the court. Your Honors, as defense counsel noted, there are two orders at issue here. The first one deals with Rule 137 sanctions. And to respond to your earlier question about whether or not there are any cases out there that say that a court must impose sanctions under Rule 137, I think defense counsel would be hard pressed to find any. Because what rule? There are cases that say even though the mistake was unintentional, inadvertent, whatever the case may be, if it was inaccurate, sanctions have been authorized. Correct? Your Honor, there are two prongs under Rule 137. The first deals with filings that were not well grounded, in fact, or warranted by existing law. The second deals with filings that were made for an improper purpose. And here the entire tenor of the defendant's motions for sanctions was such that the mistakes were made for an improper purpose. He said that the bank was trying to commit fraud on the court. He said that the bank was trying to intentionally mislead and deceive the court. And he said that the bank was deliberately mischaracterizing the procedural posture of the case. In other words, that the mistakes were made for an improper purpose. And so for that reason, I think the court correctly looked at whether or not the bank acted in bad faith. Well, they were. I mean, we have to admit just looking at them, he's right. We have a calendar, and we have the pleadings, and we have a file that should have been reviewed. And if it was, then maybe the reviewer was dyslexic because they got it backwards. So how can that happen in these types of cases? Well, Your Honor, I think even if you were to consider the motions under an objectively reasonable standard, the mistakes that defense counsel is pointing out, they're trivial. They deal with a point of view. Doesn't that dramatically change the, as he said, the standard of review on his ultimate motion? Excuse me? Counsel argued that by whether the order in which these documents were filed did impact the standard of review for the trial court on his motion of AK. So how does that equate to a trivial? I don't think it did affect the order or the standard of review for his motion. I think that his motion was actually focused on the length of delay, which was 19 months. I don't think it was focused on the sequence of events. So you're saying he waived that argument? I think he waived that argument. Okay. And, Your Honor, I also would argue that even if the court were to look at the motions under an objectively reasonable standard, it was objectively reasonable that these mistakes would have been made. Excuse me? Objectively reasonable the mistakes would have been made? Yes. Is that what you just said? Yes. Would you explain that, please? Well, one of the mistakes that he points to is the fact that there was a docket sheet that was attached as an exhibit, and it said in our response that it was not on the docket sheet that the actual motion had been filed. But if you look at the docket sheet, the title of the motion is not on there. Can you keep your voice up a little bit, please? Sure. Come a little closer to the mic if you can. The docket sheet merely says motion and notice of motion. It's not like in federal court where it actually says the entire title of the motion on the docket. So I think it's objectively reasonable, if you were looking at the docket sheet, that if you just see motion and notice of motion, you may have used that. Doesn't that trigger sort of an inquiry? If someone filed a motion, don't you think you ought to go look and find out what kind of motion was filed? You know, I'm sure they probably – it was transferred to new counsel while this was going on. So the same counsel licensed in the state of Illinois? Correct. And you're telling me that if you see a motion and it doesn't say motion to fill in the blank, that, oh, well, it's a motion, but I don't really need to bother myself with the content of the motion? Your Honor, we're not trying to argue that that was not a mistake, that we probably should have looked into that, but I don't think it was consequential to the underlying issues in the action. Okay. Well, it may not have been consequential, but this is the practice of law, and when we say practice, we don't mean it's because we don't know how to do it. We call it the practice of law, and it requires that, as attorneys, we look at and review things before we sign them. And so this is the problem that I think counsel's raising, and I think it's the problem that the questions in this court are raising. August is before October. The docket sheet says motion and notice of motion, and assuming even though there was a transfer of counsel at the time, new counsel got the file and should have had a copy of that in there, and, you know, these things were not, they wouldn't have happened if somebody had read the file. So I guess I'm wondering, are these motions, is it okay that these motions are just generally answered? Oh, here's one of these motions, so here's the response we're going to file. If we look through all of the responses filed by this law firm, we're going to find the same response filed in every single case, so now we have a robo-affidavit, you know, a robo-motion, so to speak. Is that okay? Or should we respond, or should you, or counsel, respond to the issue that's actually before you? Your Honor, we're not denying that we made mistakes when we filed our response. Those mistakes were not made in bad faith. They were not intentional, and the trial court judge held that we were not intentionally trying to deceive the court, and it was clear from reviewing the file what the procedural posture of the case was. I'm saying that for purposes of Rule 137 sanctions, that sanctions should not be imposed because they were not made in bad faith. The court has discretion as to whether or not to impose sanctions, and the court decided not to because they were not made in bad faith. Now, an additional basis for affirming the trial court's decision is that the defendant's motion completely fails to put the bank on notice as to the factual basis for how those fees were incurred. It's not clear whether fees were incurred from the actual drafting and filing of the motion for sanctions or some other basis. So for that reason, the trial court correctly denied the defendant's motions for sanctions. Do you want to talk more specifically about 219? Yes. So with regard to 219, as the trial court noted at the May 15th hearing, the defendants completely failed to object on November 7th to the bank's oral motion to voluntarily dismiss the complaint without prejudice. The bank even said at the March 15th hearing that all the defendants had to do was say they needed more time. They could have told the court that they wanted their own motion to dismiss her, but they did none of these things. Instead, they said that they had no objection. They could have done several things, but does the plaintiff have an absolute right to dismiss subject to certain fees and costs, which were in fact, I believe, generated? Costs were awarded. Does the plaintiff have an absolute right to do that, notwithstanding the other motions pending? I think under 2109B, I think they do, and that's the section that the court looked at in determining whether or not she would grant the oral motion to dismiss the complaint without prejudice. And she did award costs, which I think was fair. I think it's also disingenuous for the defendants to claim attorneys fees under Rule 219 because they received the very relief that they were requesting in their pending motion to dismiss. In addition, we don't feel that... But they wanted it over and done, never to come back again. They didn't get that, did they? No, they wanted it dismissed without prejudice such that we could refile. They were claiming we didn't comply with the statutory short form. So the judge looked at what they had asked for in their pending motion to dismiss and determined that they were actually asking for the complaint to be dismissed without prejudice. All right. Now, we also feel that Rule 219 is inapplicable in this case because the notice of deposition sought testimony that bore absolutely no relationship to the claims or defenses in this case. The affidavit of Carrie Selman was submitted in connection with a motion for default judgment. That motion was later vacated by the court. The defendants had not filed an answer to the complaint. They had not filed any counterclaims. And so that affidavit had no connection to the case. Now, the defendants could have brought some kind of counterclaim for deceptive trade practices, consumer fraud. They did none of those things. And so the deposition notice was premature. They were essentially going on a fishing expedition. Well, what about his argument of fraud on the court? I mean, there is this underlying issue of what comes before a court should be done in good faith, even though that's not a standard here. It's an underlying that this particular person's activities had been identified possibly in other cases. And when the name pops up, an opportunity arises, and maybe this is not a good foreclosure. So why isn't it relevant? It's not relevant because he hadn't brought any claims or defenses directly relating to that affidavit. He is talking about cases in other jurisdictions that have no relationship to this particular case. So you're saying we need a pleading that brings it to the court's attention, and then there is a relevancy possibly to that? Correct. So with regard to the Section 1510A attorney's fees in the March 15, 2013, order, defendants claim that the trial court erred when it denied the attorney's fees under this provision. The defendants claim that they should be entitled to attorney's fees and costs for both their motion to vacate the default judgment and the bank's motion to voluntarily dismiss the complaint without prejudice. However, as you noted earlier, the defendant's interpretation of this statute would essentially render prevailing party status on a litigant for fleeting victories. In this court's decision in the City of Elgin v. All Nations Worship Center, the court considered whether the defendants should be entitled to attorney's fees under a fee-shifting provision of the Illinois Religious Freedom Restoration Act, where the plaintiff had voluntarily dismissed its complaint without prejudice. The court held that the defendants were not entitled to fees because the voluntary dismissal of a complaint without prejudice is a fleeting victory. The court said that to be a prevailing party, a litigant must obtain some kind of permanent and effectual relief. Now, a motion to dismiss the complaint without prejudice is not permanent and effectual relief because, first of all, in this case, it was the bank's motion, not the defendant's motion, and it was dismissed without prejudice. So I think this is a fleeting victory. Well, what about under the posture of this particular case, what about the motion to vacate the default judgment? Right. It doesn't seem to be very fleeting. I would say it's a fleeting victory. In this particular case, the motion for default and the order vacating that default, those were not dispositive decisions on the merits, and I think it's fleeting because once the judgment was vacated, the underlying litigation really continued because the judgment had never been entered in the first place. All right. But they got a chance to, or the defense got a chance to respond to bring whatever motions and pleadings relevant to their cause before the court, and they didn't have that opportunity before based upon the posture of the case. So it did give them some. They might not have prevailed, but it gave them some significant avenues that they didn't have before. Isn't that accurate? That's correct, but the statute says prevail. And so in sum, Your Honors, I think this court should affirm the trial court's May 22, 2012 and March 15, 2013 orders. Any further questions? Thank you. No. Mr. Corwin. Very briefly. And you can bring your water up if you wish. It's only your paper she'll spill on if it doesn't work out well. That's wise. There's nothing voluntary about this dismissal. It is nominally voluntary. The statute does not say finally prevailed. It says prevails in a motion. There was legal compulsion and altered the legal relationship between the parties. To cite to, although I won't concede, there's no case law to cite to in 1510, but to cite to catalyst theory for cases is of no use in this case. Doesn't require finally prevail. And in terms of the vacature, Honorable Mitchell Hoffman, I am a bit puzzled. You don't address at all why there was a year and a half lapse before you even requested an order approving a sale and why you didn't even move for that until after counsel had brought it to the court's attention through his motion. So see, the misstatement was consequential and the victory was consequential. So plaintiff underwent a legal detriment. Defendant obtained a legal benefit and it was legal compulsion. We won motions. We won the motion to vacate. We won the motion to 615 because they quote voluntarily dismissed. Well, while the motion to default gave you then the right to litigate the issues that you wanted to, what did it accomplish a finality that you were looking for? And we don't particularly have that. The statute does not require finally prevail. There are statutes that say finally prevail. It doesn't require a finally prevail. It requires you to win a motion. And because it affords the court discretion, it allows that the court is not going to be granting that for trivial purposes. There's nothing trivial about a 3-year-old judgment. Right, but here the court did not make any specific findings. It simply said these allegations are out there. You haven't answered them. Default vacated. That's right. But I think, don't you think there should have been, he didn't say that the allegations are true. He didn't say that the, and he didn't say I am bound by trial courts who have made these findings of concerning this person in other cases. He just said the allegations are out there. You didn't answer. I'm going to vacate the default. Go forth and litigate. At which point he did ultimately answer, but did you raise this issue in an answer? Again, I concede because of Appleby's harping that they would refuse to schedule. I filed a motion to compel, and on the same day I filed a 2615 to moot that argument. And although Your Honor stated earlier in this argument saying, well, isn't there something you've got to plead before discovery? I read 201, no. There isn't. When I read 201, it says after the time of the answer, you get discovery. It doesn't say a thing that you've got to plead. Well, what are you going to discover if there's nothing at issue? Well, I mean. Other than, you know, the time of day and what the weather's like. I mean, I know what you wanted, but you have to give, don't you have to give the other side notice of what your issue is before you dive in. And your motion for default did not. It's over. I don't think the motion in the memorandum talked about the issue. It's a Robo signing case. That's over. The deposition sought to impose the offense. So now this is dismissed in the face of a deposition with a pending motion to compel. You either prevail by forcing dismissal of this under 1510, or you dismiss to evade under 219. That's what I have, Your Honor. Well, but you raised the real issue for purposes of that deposition by saying there's been consumer fraud committed here. And according to your previous research, you think you had that pretty down pat. So why didn't you argue that? Well, and when you have an invasive discovery, when you have an onerous discovery partner, you have to plead these things with particularity. You have a burden. You have to plead fraud with particularity. So if I can't get a deposition and if they can dismiss and walk away, where's the integrity of the judicial system? And just one last thing. I just want to say it is Bergman v. Schlund that says you can object after the voluntary dismissal. There's nothing sacrosanct. If you fail to object at the time of voluntary dismissal, Bergman v. Schlund, which is this district, says you can object later. How much later? Well, within 30 days. On appeal? No. We file a motion to amend it timely, post-judgment motion. So there's no more plausible way of viewing this conduct than as evading discovery. And I think when you get a 4-year-old case dismissed, I think you have made a significant, you've won a motion. And I thank the panel very much. Thank you. Thank you, counsel, both for your arguments. We will take this matter under advisement and we will render a decision in due course. We're going to stand in recess now and prepare for our next case. Thank you.